IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD W. BRAUCHER | ) | |
| | ) | |
| Plaintiff, | ) | No.  11-CV-696-GPM-DGW |
| | ) | |
| vs. | ) | JUDGE: G. Patrick Murphy |
| | ) | |
| DUSTIN B. WHITEHEAD, MARION POLICE | ) | MAGISTRATE JUDGE: |
| DEPARTMENT, CITY OF MARION, | ) | Donald G. Wilkerson |
| WILLIAMSON COUNTY JAIL, WILLIAMSON | ) | |
| COUNTY SHERRIFF'S DEPARTMENT, and, | ) | JURY DEMAND |
| WILLIAMSON COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Donald W. Braucher, by and through his attorney, Dale J. Aschemann of Aschemann Keller LLC, and complaining of the Defendants, Dustin B. Whitehead, the Marion Police Department, the City of Marion, the Williamson County Jail, the Williamson County Sherriff's Department, and Williamson County, states as follows:

### INTRODUCTION

1.      This is an action seeking damages and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 to redress serious injuries Plaintiff sustained as a result of the unlawful individual and concerted conduct of the Defendants, under color of law, which violated Plaintiff's Fourth Amendment rights to the United States Constitution.

### JURISDICTION

2.       This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district.

PARTIES

3. Plaintiff, Donald W. Braucher ("Plaintiff"), was, at the relevant times, a resident of Williamson County, Illinois, and, at all times relevant hereto, enjoyed the rights and freedoms enumerated in the United States Constitution.

4. Defendant, Dustin B. Whitehead, is, on information and belief, a resident of Williamson County, Illinois, and, at all times relevant hereto, was acting under color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant City of Marion and Defendant Marion Police Department in his capacity as a Marion Police Officer.

5. Defendant, the Marion Police Department, in the City of Marion, County of Williamson and State of Illinois, was acting both individually and by and through its agents, servants and/or employees at all times relevant hereto.

6. Defendant, the City of Marion, is a city organized and existing pursuant to the laws of the State of Illinois, which at all times herein was acting both individually and by and through its agents, servants and/or employees, including but not limited to Defendant Dustin B. Whitehead and the Marion Police Department.

7. Defendant, the Williamson County Jail in the City of Marion, County of Williamson and State of Illinois, was acting both individually and by and through its agents, servants and/or employees at all times relevant hereto.

8. Defendant, the Williamson County Sherriff's Department, is an entity organized and existing pursuant to the laws of the State of Illinois, which at all times herein was acting both individually and by and through its agents, servants and/or employees, including but not limited to the Williamson County Jail.

9. Defendant, Williamson County, is a county organized and existing pursuant to the laws of the State of Illinois, which at all times herein was acting both individually and by and through its agents, servants and/or employees, including but not limited to the Williamson County Jail.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

10. On or about August 14, 2009, three (3) unknown Marion Police Department Officers ("Marion Officers"), and Defendant Dustin B. Whitehead ("Officer Whitehead"), activated their patrol cars' emergency lights, and signaled for Plaintiff to pull his vehicle to the side of the roadway near the city square in Marion, Illinois.

11. As Plaintiff was cooperating with the Marion Officers' instructions by exiting his vehicle, one of the Marion Officers grabbed Plaintiff's arms and pulled him from the vehicle.

12. Once Plaintiff was free from the vehicle and he attempted to regain his balance, a Marion Officer, without provocation or cause, fired his taser at point-blank-range into Plaintiff's chest.

13. Immediately thereafter, the Marion Officers began to strike Plaintiff with their hands, fists and feet with one officer holding Plaintiff to the ground by placing his knee at the back of Plaintiff's neck.

14. While detained at the Marion Police Station, other Marion Police Department Officers located there subjected Plaintiff to continuous physical and verbal abuse intended to threaten and physically intimidate Plaintiff.

15. During fingerprinting at the Marion Police Station, for instance, Plaintiff was repeatedly shoved and when he requested to make a phone call he was told that "the only phone call would be to the morgue to come and get your body."

16. As Officer Whitehead was placing Plaintiff, who remained handcuffed, in the back of his patrol vehicle, Plaintiff asked Officer Whitehead for the name of the Marion Officer who fired his taser at Plaintiff.

17. After Plaintiff stated his intention to report the conduct of the Marion Officer, Officer Whitehead stated "report this" and immediately began kicking Plaintiff in the face while Plaintiff remained handcuffed in the back of Officer Whitehead's patrol car.

18. Officer Whitehead inflicted bodily harm to Plaintiff's face, including, but not limited to, causing cuts to Plaintiff's face and/or head that caused a significant amount of blood upon Plaintiff's shirt.

19. As Officer Whitehead escorted Plaintiff back into the Marion Police Station, he was assisted by another Marion Officer who, on information and belief, was a senior and supervisory officer to Officer Whitehead ("Senior Officer").

20. Though still handcuffed and bleeding, both Officer Whitehead and the Senior Officer participated in slamming Plaintiff's genitals into a hand-railing.

21. Once inside, Plaintiff was examined by an Emergency Medical Technician (EMT) in the presence of Officer Whitehead and the Senior Officer who escorted Plaintiff back into the Marion Police Station.

22. Though the EMT opined that Plaintiff's chin required stitches, Officer Whitehead, in the presence of the Senior Officer, denied Plaintiff that medical treatment because "he didn't have time" for that to occur.

23. After escorting Plaintiff to the Williamson County Jail, Officer Whitehead gave to one of the Jail's Correctional Officers Plaintiff's blood-soaked shirt and requested that the Correctional Officer bleach the shirt to rid it of any blood stains.

24. The Correctional Officer thereafter bleached the shirt, thus destroying any evidence of blood resulting from the cuts on Plaintiff's face.

25. Officer Whitehead's conduct of kicking Plaintiff in the face while his hands were handcuffed behind his back was captured on a video recording device.

26. The Illinois State Police thereafter arrested Officer Whitehead for the conduct captured on the video recording device, but the Williamson County State's Attorney's office, at least initially, released Whitehead claiming there was a lack of evidence against him.

27. The conduct of the other Marion Officers was not captured on a video recording device and no other officer was disciplined in the matter.

## COUNT I – DUSTIN B. WHITEHEAD
### FOURTH AMENDMENT CLAIM (EXCESSIVE FORCE)

28. Plaintiff incorporates herein paragraphs 3 through 27, as though fully set forth hereunder.

29. At all relevant times, Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

30. At all relevant times, Defendant Officer Whitehead, while acting under color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant City of Marion and Defendant Marion Police Department in his capacity as a Marion Police Officer, violated Plaintiff's established Fourth Amendment Constitutional rights by utilizing an unreasonable amount of force when he, both individually and/or concertedly, hit and battered Plaintiff with his hands, fists and feet, in and about Plaintiff's body, including but not limited to his arms, face and head.

5

31. At all times relevant hereto, Defendant Officer Whitehead's conduct toward Plaintiff was done with deliberate indifference to the Constitutional rights of Plaintiff.

32. Defendant Officer Whitehead's individual and/or concerted conduct violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer damages, including physical injury, mental anguish, emotional distress and legal expenses.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against Defendant Dustin Whitehead for compensatory and punitive damages in an amount in excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

## COUNT II –MARION POLICE DEPARTMENT
FOURTH AMENDMENT CLAIM (*MONELL* CLAIM)

33. Plaintiff incorporates herein paragraphs 3 through 32, as though fully set forth hereunder.

34. Defendant Officer Whitehead and various unnamed Marion Police Officers' concerted conduct was accomplished in such an open and notorious manner, including the presence and participation of one or more senior supervisory officers, as to manifest a pattern, policy, practice, custom or atmosphere wherein such illegal and unconstitutional behavior was tolerated and condoned by the Marion Police Department in deliberate indifference and reckless disregard to the public and Plaintiff's welfare and Constitutional rights.

35. Before and at the time of the events alleged in this Complaint, Defendant Marion Police Department engaged in practices, customs, and procedures tantamount to a policy of utter disregard for the safety and welfare of detainees which deprived Plaintiff of his Constitutional rights.

36. Defendant is liable under 42 U.S.C. §1983 because its established policies, practices, customs, and procedures were intended to and encouraged, endorsed, and permitted its agents and employees to violate the Constitutional rights of Plaintiff.

37. These policies, practices, customs and procedures include, but are not limited to:

   a. the negligent hiring of its law enforcement officers in deliberate indifference and reckless disregard to the public and Plaintiff's welfare;

   b. failing to properly train its law enforcement and correctional officers thus creating an atmosphere of illegal and unconstitutional behavior with respect to, among other things, use of force and use of a taser, in deliberate indifference and reckless disregard to the public and Plaintiff's welfare;

   c. failing to properly supervise its law enforcement officers in deliberate indifference and reckless disregard to the public and Plaintiff's welfare; and,

   d. failing to discipline its law enforcement officers for violating the Constitutional rights of others, thus creating a pattern, policy, practice, custom or atmosphere wherein such illegal and unconstitutional behavior is tolerated and condoned in deliberate indifference and reckless disregard to the public and Plaintiff's welfare.

38. The above policies, practices, customs and/or procedures were in place and used before and during the above-described events that occurred on August 14, 2009.

39. These policies, practices, customs and/or procedures of Defendant Marion Police Department proximately and directly caused Plaintiff to suffer damages, including physical injury, mental anguish, emotional distress and legal expenses.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against the Defendant Marion Police Department for compensatory and punitive damages in an amount in

excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

## COUNT III – CITY OF MARION
### FOURTH AMENDMENT CLAIM (*MONELL* CLAIM)

40. Plaintiff incorporates herein paragraphs 3 through 39, as though fully set forth hereunder.

41. The City of Marion failed to adequately supervise the policies, practices, and conduct of the Marion Police Department and to ensure that Officers were being properly trained. Such failure encouraged, endorsed, and permitted the violation of Plaintiff's Constitutional rights alleged herein.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against the Defendant City of Marion for compensatory and punitive damages in an amount in excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

## COUNT IV – WILLIAMSON COUNTY JAIL
### FOURTH AMENDMENT CLAIM (*MONELL* CLAIM)

42. Plaintiff incorporates herein paragraphs 3 through 27, as though fully set forth hereunder.

43. At all relevant times, Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

44. Plaintiff's established Constitutional rights were violated when the Correctional Officer for Defendant Williamson County Jail, while acting under color of state law, unlawfully

destroyed and concealed evidence of Defendant Officer Whitehead and various unnamed Marion Police Officers' excessive force by bleaching Plaintiff's blood-stained shirt.

45. Before and at the time of the events alleged in this Complaint, Defendant Williamson County Jail engaged in practices, customs, and procedures tantamount to a policy of utter disregard for the safety and welfare of detainees which deprived Plaintiff of his Constitutional rights.

46. Defendant is liable under 42 U.S.C. §1983 because its established policies, practices, customs, and procedures were intended to and encouraged, endorsed, and permitted its agents and employees to violate the Constitutional rights of Plaintiff.

47. These policies, practices, customs and procedures include, but are not limited to:
   a. the negligent hiring of its correctional officers in deliberate indifference and reckless disregard to the public and Plaintiff's welfare;
   b. failing to properly train its correctional officers thus creating an atmosphere of illegal and unconstitutional behavior with respect to, among other things, the unlawful destruction of evidence in deliberate indifference and reckless disregard to the public and Plaintiff's welfare;
   c. failing to properly supervise its correctional officers in deliberate indifference and reckless disregard to the public and Plaintiff's welfare; and,
   d. failing to discipline its correctional officers for violating the Constitutional rights of others, thus creating a pattern, policy, practice, custom or atmosphere wherein such illegal and unconstitutional behavior is tolerated and condoned in deliberate indifference and reckless disregard to the public and Plaintiff's welfare.

48. The above policies, practices, customs and/or procedures were in place and used before and during the above-described events that occurred on August 14, 2009.

49. These policies, practices, customs and/or procedures of Defendant Williamson County Jail proximately and directly caused Plaintiff to suffer damages, including physical injury, mental anguish, emotional distress and legal expenses.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against the Defendant Williamson County Jail for compensatory and punitive damages in an amount in excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

### COUNT V – WILLIAMSON COUNTY SHERRIFF'S DEPARTMENT
FOURTH AMENDMENT CLAIM (*MONELL* CLAIM)

50. Plaintiff incorporates herein paragraphs 3 through 27 and paragraphs 43 through 49, as though fully set forth hereunder.

51. The Williamson County Sherriff's Department failed to adequately supervise the policies, practices, and conduct of the Williamson County Jail and to ensure that Correctional Officers were being properly trained. Such failure encouraged, endorsed, and permitted the violation of Plaintiff's Constitutional rights alleged herein.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against the Defendant Williamson County Sherriff's Department for compensatory and punitive damages in an amount in excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

### COUNT VI – WILLIAMSON COUNTY
FOURTH AMENDMENT CLAIM (*MONELL* CLAIM)

52. Plaintiff incorporates herein paragraphs 3 through 27 and paragraphs 43 through 49, and paragraph 51 as though fully set forth hereunder.

53. The County of Williamson failed to adequately supervise the policies, practices, and conduct of the Williamson County Sheriff's Department and to ensure that Correctional Officers were being properly trained. Such failure encouraged, endorsed, and permitted the violation of Plaintiff's Constitutional rights alleged herein.

WHEREFORE, the Plaintiff, Donald W. Braucher, demands judgment against the Defendant Williamson County for compensatory and punitive damages in an amount in excess of $300,000.00 and for his attorney's fees and costs pursuant to 42 U.S.C. §1988, and demands trial by jury, and any other relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Dale J. Aschemann
Dale J. Aschemann, #6269347
ASCHEMANN KELLER LLC
300 North Monroe Street
Marion, Illinois 62959-2326
Telephone:  (618) 998-9988
Facsimile:  (618) 993-2565
E-Mail:  DaleA@quitamlaw.org